STEVEN M. SELNA (SBN #133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN #245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:   (415) 591-7500
Facsimile:   (415) 591-7510

WILLIAM A. HANSSEN (SBN #110613)
william.hanssen@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1400
Los Angeles, CA  90067-1517
Telephone:   (310) 203-4000
Facsimile:   (310) 229-1285

Attorneys for Defendants
JANSSEN PHARMACEUTICALS, INC. and
JOHNSON & JOHNSON, INC.

**Note change by Court on Page 13.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELLIOTT,<br><br>             Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC. and JOHNSON & JOHNSON, INC.,<br><br>             Defendants. | Case No. CV 13-00743 DMG (MRWx)<br><br>**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, pursuant to Federal Rule of Civil Procedure 26(c):

IT IS HEREBY ORDERED that this Confidentiality Stipulation and Protective Order (the "Order") set forth below shall govern such confidential material, and pursuant to Federal Rule of Civil Procedure 26:

1. The Order shall be applicable to and govern any and all documents, answers to interrogatories, responses to requests for admission, depositions, and all other discovery taken in the above-captioned action (the "Action") pursuant to the Federal Rules of Civil Procedure ("Discovery Material"), to the extent such Discovery Material is designated as "Confidential" in accordance with the Order.

2. (a) The parties (and any non-party who agrees to be subject to personal jurisdiction in California for purposes of enforcing the Order) may designate as confidential any Discovery Material they believe, in good faith, contains sensitive commercial information, financial or business plans, trade secrets, proprietary business information, nonpublic research and development information, or personal information of a sensitive nature including medical records and financial information ("Confidential Discovery Material") and are properly protected under Federal Rule of Civil Procedure 26(c).  Discovery Material properly made public may not be designated Confidential Discovery Material. Publicly issued or disseminated documents may not be designated Confidential Discovery Material.

(b) Information that the producing party deems highly sensitive because it constitutes trade secrets may be redacted from documents produced in discovery provided that the producing party maintains a full and complete copy of each such document (without such redactions) for review by the Court should the receiving party elect to challenge such redactions.

3. Any Discovery Material that has been designated as "Confidential" pursuant to the Order (unless the designation is challenged in accordance with Paragraph 15 herein and the Discovery Material is thereafter dedesignated as provided by that paragraph) shall be marked confidential pursuant to Paragraph 10 herein, shall be disclosed only to "Qualified Persons" (as defined in Paragraph 4), and shall be used only in connection with the Action.

1         4.     "Qualified Persons" shall be limited to the following:

2         a.     The named parties to the Action, their current employees and
3 agents, and counsel representing the parties in the Action, if any (including
4 members of such counsel's staff, such as paralegals, secretaries, and law clerks, to
5 whom it is reasonably necessary that the material be shown for purposes of the
6 Action);

7         b.     For purposes of this litigation, parties and their attorneys may
8 disclose Confidential Discovery Material to retained experts (including persons
9 directly employed by such experts) and to retained consultants and to any person
10 expected to testify at trial or at a deposition to the extent that the Discovery
11 Material relates to his/her proposed testimony. Before Plaintiff discloses any
12 Confidential Discovery Material to any person identified in this Paragraph who
13 may be presently engaged as an employee, agent, or consultant of a Competitor of
14 Defendants with responsibility for any antipsychotic medications (hereinafter
15 referred to as "Competitor"), the procedures in this Paragraph shall be followed to
16 assure that no confidential information is disclosed to any Competitor of
17 Defendants. Plaintiff and counsel who obtained Confidential Discovery Material
18 pursuant to this Stipulated Protective Order shall prepare a written statement
19 identifying the person to whom the Confidential Discovery Material is to be
20 disclosed. This statement shall include the following information: name of the
21 person to whom the Confidential Discovery Material is to be disclosed; current
22 residence; job title; and employer's name and address for previous five (5) years.
23 The written statement shall be maintained by Plaintiff and counsel during the
24 pendency of this litigation. Counsel for Defendants impose upon the person to
25 whom the Confidential Discovery Material is disclosed the obligation to make the
26 good faith determination as to whether he or she is a Competitor, as further defined
27 in Affidavit of Consultant/Expert/Witness, attached as Exhibit 2 to the Stipulation
28 Regarding Protective Order. If the person determines himself or herself to be a

1  Competitor, neither the Confidential Discovery Material nor the contents thereof
2  shall be discussed with or disclosed to such person.  If the person determines
3  himself or herself not to be a Competitor, that person shall execute Affidavit of
4  Consultant/Expert/Witness and the Agreement to Maintain Confidentiality (which
5  are attached hereto and incorporated herein).  All parties shall retain any such
6  agreements and affidavits and make them available to other parties to this litigation
7  and their counsel upon request.  If there is any dispute between parties as to
8  whether a person is a Competitor, any party may seek a ruling from the Court;

9       c.    Any court reporter or typist rendering services for recording or
10  transcribing of testimony in the Action, any outside independent reproduction firm,
11  or any technical or technology services firm rendering services for a party in the
12  Action;

13       d.    Independent copying services, independent computer consulting
14  and support services, independent exhibit makers, independent translators, and
15  other independent litigation support services retained by Plaintiff and counsel for
16  purposes of the Action;

17       e.    The person or persons who authored the document containing
18  Confidential Discovery Material (the "Author") or who received such Confidential
19  Discovery Material in the ordinary course of business (the "Recipient"), provided
20  that, if such Confidential Discovery Material includes Confidential Information
21  regarding any person other than the Author or Recipient, prior to disclosure of such
22  Confidential Discovery Material to the Author or Recipient, the Author or
23  Recipient has been notified of the existence of the Order on the record of a
24  transcribed examination under oath or has executed an Agreement to Maintain
25  Confidentiality in the form of Exhibit 1 attached hereto;

26       f.    The person who was a subject of the Discovery Material
27  containing Confidential Information (the "Subject"), provided that, if the Subject
28  was not the Author or Recipient of such document, or if such Confidential

1  Discovery Material relates to any specifically identifiable person other than the
2  Subject, prior to disclosure of such Confidential Discovery Material to the Subject,
3  the Subject has been notified of the existence of the Order on the record of a
4  transcribed examination under oath or has executed an Agreement to Maintain
5  Confidentiality in the form of Exhibit 1 attached hereto;

6        g.     Former employees or agents of a party who need to know or
7  have access to any Confidential Discovery Material for the purposes of the Action,
8  provided that such former personnel has been notified of the existence of the Order
9  on the record of a transcribed examination under oath or has executed an
10 Agreement to Maintain Confidentiality in the form of Exhibit 1 attached hereto; and

11        h.     The Court and its personnel.

12     5.     Plaintiff and counsel making disclosures to Qualified Persons that have
13 executed an Agreement to Maintain Confidentiality in the form of Exhibit 1
14 attached hereto shall retain all executed Agreements to Maintain Confidentiality
15 during the pendency of the Action.

16     6.     Confidential Discovery Material may not be used by any person
17 receiving such Confidential Discovery Material for any business or competitive
18 purposes and shall be used solely for the purposes of the above-captioned case, and
19 for no other purpose without the prior written consent of the producing person. All
20 persons described in and/or encompassed by this Stipulated Protective Order shall
21 not, under any circumstances, sell, offer for sale, advertise, publicize, publish or use
22 in any manner for competitive purposes the Confidential Discovery Material and/or
23 confidential information contained therein. All persons receiving or given access to
24 Confidential Discovery Material in accordance with the terms of this Stipulated
25 Protective Order consent to the continuing jurisdiction of the Court for the purposes
26 of enforcing this Stipulated Protective Order and remedying any violations thereof.
27 Disclosure of Confidential Discovery Material other than in accordance with the
28 terms of this Stipulated Protective Order may subject the disclosing person to such

1  sanctions and remedies as the Court may deem appropriate.

2        7.     Nothing contained in the Order shall abrogate any legal obligation of
3  any party to disclose any document or information as required by law.  However,
4  before a party shall disclose any Confidential Discovery Material pursuant to a
5  litigation request for production of documents, a subpoena or another legally
6  enforceable demand from any state agency or official, or any agency or department
7  of the United States, the party, when permitted by law, shall give written notice of
8  the subpoena or other legally enforceable demand (including the delivery of a copy
9  thereof) to the Producing Party, or the attorneys for the Producing Party, ten (10)
10 days prior to the time when production of the information is required.  In the event
11 that the subpoena or other legally enforceable demand purports to require
12 production of such Confidential Discovery Material on less than ten (10) days'
13 notice, the party to whom the subpoena is directed shall give prompt telephonic
14 notice of the receipt of such subpoena or other legally enforceable demand and
15 forthwith deliver the same day a copy thereof to the Producing Party or the
16 attorneys for the Producing Party.  If application for a protective order is made
17 promptly before the return date, the party to whom the request is directed shall not
18 produce such Confidential Discovery Materials prior to receiving a court order or
19 the consent of the Producing Party, except as required by law.

20       8.     Any Producing Party that produces Discovery Material in the Action
21 may designate as "Confidential" any Discovery Material that the Producing Party
22 believes, in good faith, contains Confidential Information, as defined by the Order.
23 Any non-party that produces Discovery Material in the Action may designate as
24 "Confidential" any Discovery Material that it produces in the Action and that it
25 believes, in good faith, contains Confidential Information, as defined by the Order,
26 provided that the non-party agrees to be subject to personal jurisdiction in
27 California solely for purposes of enforcing the Order and agrees to comply with the
28 Order.  Only documents containing Confidential Information shall be so designated.

As to Discovery Material produced by a non-party, any party may designate as "Confidential," in accordance with the Order, any Discovery Material produced within thirty (30) days after receiving such Discovery Material. All Discovery Materials produced by non-parties shall be treated as Confidential for thirty (30) days after receipt by all parties, after which time only Discovery Materials designated as Confidential shall be treated as Confidential pursuant to the Order. Treatment of deposition testimony and transcripts, or portions of transcripts, is addressed under Paragraph 11 herein. Notwithstanding any other provisions of the Order, a non-party may only designate as "Confidential" Discovery Material that it produces in the Action.

9. The designation by the Producing Party of any document, answer to interrogatory, response to request for admission, or deposition testimony as Confidential Discovery Material shall constitute a representation that such documents have been reviewed by the Producing Party or its counsel of record or any attorney designated by counsel of record, and Producing Party or counsel of record believes there is a good-faith basis for such designation.

10. Confidential Discovery Material, if in writing, shall have the following language or similar legend stamped on the face of the writing, or shall otherwise have such language clearly marked:

CONFIDENTIAL/PRODUCED IN LITIGATION<br>PURSUANT TO PROTECTIVE ORDER

Such stamping or marking will take place prior to production by the Producing Party, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter.

11. Any party may designate deposition testimony and transcripts, or portions of transcripts, as "Confidential" by advising opposing counsel or opposing unrepresented party in writing within thirty (30) days after the transcript has been

1  received and specifying the testimony being designated confidential by page and
2  line number(s).  Until the expiration of such thirty (30) day period, all testimony
3  given in the deposition shall be treated as if confidential under the Order, after
4  which only the portions specifically designated "Confidential" pursuant to the first
5  sentence of this paragraph shall be so treated.

6       12.   Interrogatory answers or other responses to written discovery and
7  information contained therein shall be designated as "Confidential" by means of a
8  statement at the conclusion of each answer specifying the information that is
9  confidential contained therein or by another method that clearly indicates which
10 portions of the answer or information are considered confidential, and by placing
11 the legend referenced in Paragraph 10 on the front of any set of interrogatory
12 answers containing such information.

13      13.   A Producing Party that inadvertently fails to designate its Discovery
14 Material as Confidential may so designate the Discovery Material by fully
15 complying with the following:  Within ten (10) days after the Producing Party
16 discovers that it inadvertently produced the Discovery Material without designating
17 it as "Confidential" pursuant to this Order, the Producing Party may designate the
18 Discovery Material as Confidential by sending a written notice explaining why the
19 Producing Party considers the Discovery Material to be "Confidential", along with
20 replacement copies of such Discovery Material bearing the "Confidential"
21 designation to all parties to whom such Discovery Material was produced.   Upon
22 receipt of such written notice and replacement copies, and from that time forward,
23 the provisions of this Order shall apply to the newly designated Discovery Material.
24 Such designation may be challenged in accordance with Paragraph 15 herein, but
25 the inadvertent production without confidentiality designation shall not constitute a
26 waiver of any claim of confidentiality.  After receipt of a written notice and
27 replacement copies in accordance with this provision, the receiving party shall
28 make reasonable efforts to retrieve copies of the Discovery Material from any non-

1  Qualified Person to whom it was previously disseminated, and shall make
2  reasonable attempts to destroy or return all copies of the original documents that
3  were inadvertently not designated as "Confidential."

4      14.    Inadvertent production of any information that a Producing Party later
5  claims in good faith should not have been produced because of immunity, privilege,
6  or other legal protection, including, but not limited to, the attorney-client privilege
7  or work product doctrine ("Inadvertently Produced Privileged Material"), will not
8  be deemed to have waived any privilege or other legal protection. A Producing
9  Party may request the return of any Inadvertently Produced Privileged Material. A
10 request for the return of Inadvertently Produced Privileged Material shall identify
11 the Privileged Material inadvertently produced and the basis for withholding them
12 from production. If a Producing Party requests the return, pursuant to this
13 paragraph, of any Inadvertently Produced Privileged Material, such Privileged
14 Material and all copies thereof shall be returned to the Producing Party within
15 twenty (20) days unless the party that received the Inadvertently Produced
16 Privileged Material gives notice to the Producing Party within that time that it
17 declines to return such materials because of a legal obligation to keep them and/or
18 disagreement with the Producing Party's claim of immunity, privilege, or other
19 legal protection for the Inadvertently Produced Privileged Material. In such event,
20 the Producing Party may, within fourteen (14) days of receipt of the notice
21 described in the preceding sentence, serve a motion calling for return of the
22 Inadvertently Produced Privileged Material. The Producing Party shall bear the
23 burden of establishing grounds for the return of the Inadvertently Produced
24 Privileged Material that it seeks and shall provide a copy of the materials at issue to
25 the Court as part of its Motion. The Inadvertently Produced Privileged Material
26 shall not be used by the receiving party for any purpose until the Court resolves the
27 motion, except in connection with such Motion, provided that the opposition to the
28 Motion may be subject, in whole or in part, to the Producing Party's motion for

1  protection of such information.

2  15. Nothing in the Order shall be construed in any way as a finding that
3  information designated as "Confidential" actually is Confidential Information.  At
4  any time during the Action, any party may challenge the designation of such
5  material as "Confidential" by written notice to the party that produced such
6  Confidential Discovery Material.  Within twenty-one (21) days of such a challenge,
7  the party that produced such material shall respond in writing stating the basis
8  under which the Confidential Discovery Material should be treated as
9  "Confidential."  The burden of demonstrating the confidential nature of Discovery
10 Material designated "Confidential" shall be on the Producing Party.  If no such
11 statement in writing is given within that timeframe (or within a shorter or longer
12 timeframe agreed to by the parties), the Discovery Material will cease to be subject
13 to the protection of the Order.

14 After the written basis is provided to the challenging party, the parties shall
15 meet and confer in an attempt to resolve any such disagreements.  For any
16 disagreement that cannot be resolved, the Producing Party must move the Court for
17 a protective order within twenty-one (21) days after the challenging party gives
18 written notice that the dispute has not been resolved and that it continues to
19 challenge the designation of the material as Confidential, or such other time period
20 as the parties may agree.  Nothing in this paragraph shall prevent any receiving
21 party from seeking to shorten the time to determine a challenge to any designation
22 if necessary for the completion of discovery or otherwise for the conduct of the
23 Action.

24 16. The Order shall not prevent any persons bound by it from making use
25 of information or documents without the restrictions of the Order if the information
26 or documents are lawfully in their possession by means other than through
27 production as Confidential Discovery Material through this litigation, except for
28 information or documents that a person bound by this Order obtains knowing that

1   the information or documents were made available in violation of this Order.

2   17.   Any party seeking to file Confidential Discovery Material, or any
3   pleading, motion, or other paper containing or disclosing any such Confidential
4   Discovery Material, shall, prior to filing, request that such materials be filed under
5   seal pursuant to Local Rule 79-5.  If the party's request to seal is granted, said
6   Confidential Discovery Material and/or other papers shall be kept under seal until
7   further order of the Court; however, Confidential Discovery Material and other
8   papers filed under seal shall be available to the Court, unrepresented parties, and
9   counsel of record, and to all other persons entitled to receive the confidential
10  information contained therein under the terms of this Stipulated Protective Order.

11  18.   Nothing in the Order shall prevent or restrict any party in any way
12  from inspecting, reviewing, using, or disclosing any Discovery Material produced
13  or provided by that party, including Discovery Material designated as
14  "Confidential."  Nothing shall prevent disclosure beyond that required under the
15  Order if the Producing Party consents in writing to such disclosure, or if the Court,
16  after notice to all affected parties, orders such disclosure.

17  19.   Nothing contained in the Order shall affect the right, if any, of any
18  party or witness to make any other type of objection, claim, or other response to
19  discovery requests.  The Order shall not be construed as a waiver by any party of
20  any legally cognizable privilege to withhold any Confidential Discovery Material or
21  of any right that any party may have to assert such privilege at any stage of the
22  Action.

23  20.   A party may refer to Confidential Discovery Material in pretrial
24  conferences before the Court, at evidentiary hearings, and at trial.  The use of
25  Confidential Discovery Material at evidentiary hearings and at trial may be
26  addressed in subsequent orders prior to such hearings and in the final pretrial order.
27  Any party or attorney that reasonably believes that he or she will disclose
28  Confidential Discovery Material in a hearing or any other public proceeding before

the Court other than at evidentiary hearings and at trial shall so inform the Court and the Producing Party in advance of actual disclosure insofar as possible. If the Producing Party objects, the Producing Party shall be entitled to ask the Court to decide what precautions, if any, are appropriate to protect the Confidential Discovery Material, including how exhibits designated as "Confidential" shall be filed to maintain their confidentiality.

21. Neither the termination of the Action nor the termination of employment of any person shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to the Order.

22. The Order shall not enlarge, narrow, or in any way affect the proper scope of discovery in the Action or any other action, nor shall the Order imply that Discovery Material designated as "Confidential" under the terms of the Order is properly discoverable, relevant, or admissible in the Action or any other action.

23. The entry of the Order shall be without prejudice to the rights of the parties, or of any non-party, to seek additional or different protection for Confidential Discovery Material from the Court. Nothing herein shall prevent any party from: (i) applying to the Court for a modification of the Order; (ii) applying to the Court for further or additional protective orders; or (iii) making an agreement with the other party to modify the Order subject to Court approval.

24. The terms of the Order shall survive and remain in effect after the termination of the Action. After the conclusion of the Action, the parties shall take such measures as are necessary to return Confidential Discovery Material to the Producing Party, or provide certification under oath to the Producing Party that all Confidential Discovery Material has been destroyed. The Court shall retain jurisdiction over the parties to the Order and any other person bound by the terms of the Order (including non-parties designating Discovery Material as Confidential Discovery Material) to enforce the terms thereof.

1     IT IS SO STIPULATED.

2

3 _____      _____
Jonathan Elliott                                     William A. Hanssen
4 5920 Comey Ave.                            Drinker Biddle & Reath LLP
5 Los Angeles, CA 90034                 1800 Century Park East, Ste. 1400
*Plaintiff, pro se*                                 Los Angeles, CA 90067
6                                               *Counsel for Defendants Janssen*
7                                               *Pharmaceuticals, Inc. and Johnson &*
                                              *Johnson*
8

9

10

11

12                 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

13    Note: any motion filed pursuant to Paragraphs 14 or 15 of this Order must

14 comply in full with the joint filing and other requirements under Local Rule 37.

15

16 Dated: September 6, 2013.                                   /s/ Judge Wilner

17                                                      _____
                                                      Hon. Michael R. Wilner
18                                                       United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

| | |
|---|---|
| JONATHAN ELLIOTT,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC. and JOHNSON & JOHNSON, INC.,<br><br>　　　　　　　Defendants. | Case No. CV 13-00743 DMG |

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER in the above-captioned action and that he/she fully understands and agrees to abide by the obligations and conditions of the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER.

Dated: _____

_____

(Signature)

_____

(Print Name)

**Exhibit 2**

| | |
|---|---|
| JONATHAN ELLIOTT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC. and JOHNSON & JOHNSON, INC.,<br><br>　　　　　Defendants. | Case No. CV 13-00743 DMG (MRWx) |

### AFFIDAVIT OF CONSULTANT/EXPERT/WITNESS

I, _____, being first duly sworn according to law, being over eighteen (18) years of age, and being in all respects competent to execute this Affidavit, hereby depose and state as follows:

1. I have been asked to review confidential/proprietary and other documents regarding a lawsuit currently pending against Janssen Pharmaceuticals, Inc., and/or other persons, firms, corporations or entities, if any, involving the product known as Risperdal®.

2. I am executing this Affidavit under oath.

3. Prior to the execution of this Affidavit, I have not seen nor have I been informed in any manner of the contents of any documents produced in any lawsuit involving Risperdal®.

4. To the best of my knowledge and belief, I am not presently engaged as a Competitor of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of Janssen Pharmaceuticals, Inc. with respect to any atypical antipsychotic medications and/or technologies of Janssen Pharmaceuticals, Inc.

/ / /

5. I hereby acknowledge that I have read the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER in the above-captioned action and that I fully understand and agree to abide by the obligations and conditions of the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER.

Dated: _____

_____
(Signature)

_____
(Print Name)

Subscribed and sworn to before me this

_____ day of _____.

_____
NOTARY PUBLIC